IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TECH CON TRENCHING, INC.,

    Plaintiff,

v.                                                                                                                                         No. 19-cv-1043 KRS/SMV

PERFORMANCE ENERGY SERVICES, LLC;
ORYX DELAWARE OIL GATHERING NM, LLC;
ORYX DELAWARE OIL TRANSPORT, LLC;
JOHN DOES I–X; JANE DOES I–X;
WHITE CORPORATIONS I–X;
BLACK PARTNERSHIPS I–X; and
GRAY LIMITED LIABILITY COMPANIES I–X;

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on its review of the Notice of Removal of Action [Doc. 1], filed by Defendant Performance Energy Services, LLC ("Performance") on November 8, 2019, and on representation at the January 6, 2020 telephonic Status Conference by counsel for Defendants Oryx Delaware Oil Gather NM, LLC and Oryx Delaware Oil Transport, LLC (collectively, "Oryx") that he has not yet determined the citizenship of each and every member of the Oryx entities. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). As discussed at the January 6, 2020 telephonic Status Conference, no later than **January 28, 2020,** each Defendant must file a notice on the record listing the citizenship of each and every one of its members.

## BACKGROUND

On November 8, 2019, Performance removed this case to federal court, asserting complete diversity between the parties and that the amount in controversy exceeds $75,000. [Doc. 1] at 1–3. In support of its claim of diversity of citizenship, Performance alleges that Plaintiff is a citizen of Texas. *Id.* at 1. Performance further alleges that it "is a citizen of . . . Colorado with its principal place of business in Colorado." *Id.* at 2. It further alleges that the Oryx Defendants are citizens of Delaware because they are incorporated and have their principal places of business in Delaware. *See id.* However, Performance makes no allegations about the citizenship of its members or Oryx's members. *See id.*

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on

diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* § 1441(a), (b). For individuals, domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Here, the facts set forth in the Notice of Removal [Doc. 1] do not sufficiently establish the citizenship of Defendants Performance or Oryx because they fail to allege the citizenship of each of their members.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Performance Energy Services, LLC must file a notice on the record listing the States of citizenship of each and every one of its members no later than **January 28, 2020**.

**IT IS FURTHER ORDERED** that the Oryx Defendants must file a notice on the record listing the States of citizenship of each and every one of their members no later than **January 28, 2020**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**